UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re.

BRANDON D. FREEMAN,

    Plaintiff.

No. C 07-2306 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Brandon D. Freeman, formerly an inmate at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Freeman alleges the following: On March 24, 2007, Freeman woke up from a deep sleep and accidentally cut his head on broken springs hanging from the top bunk in his cell. His cellmate called out and correctional officers "responded immediately." They escorted him to the infirmary where he was given pain medication, ointment, a bandage and (later that day) a tetanus shot. Complaint, p. 3. One or two other inmates also had cut themselves on broken bed springs in the past. In the portion of the complaint in which the plaintiff is directed to list the defendants, Freeman wrote, "I don't believe there are any defendants in this case." Id. Freeman also wrote that he had filed an inmate appeal but "have not gotten a response yet." Id. at 1. His complaint was signed about three weeks after he sustained the cut.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). The Eighth Amendment's prohibition on cruel and unusual punishment does not require that a prison be comfortable and completely safe for its inhabitants. Prison officials must provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious and (2) the prison official possesses a sufficiently culpable state of mind, see Farmer, 511 U.S. at 834. The requisite mental state is one of deliberate indifference, and neither negligence nor gross negligence amount to deliberate indifference. See Farmer, 511 U.S. at 835-36 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk

1 to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of
2 facts from which the inference could be drawn that a substantial risk of serious harm exists, and
3 he must also draw the inference. See id.

4 The complaint does not state a claim for relief under 42 U.S.C. § 1983 because it seeks
5 to impose strict liability for a defective condition at the prison. Even assuming that a broken bed
6 spring amounted to a sufficiently dangerous condition to satisfy the objective prong of the Eighth
7 Amendment test – a dubious proposition – the subjective prong of deliberate indifference in
8 response to it is absent. The complaint does not allege wrongdoing by any particular person, let
9 alone that any particular person acted with deliberate indifference to a known risk of danger to
10 Freeman. Indeed, Freeman's allegations indicate he doesn't know of anyone in particular who
11 did anything wrong. See Complaint, p. 3 ("I don't believe there are any defendants in this case.")
12 To the extent Freeman wants to pursue a claim for negligence in the maintenance of the prison
13 bunk beds, that would be a state law claim that would belong in state court rather than federal
14 court. Finally, the allegations of the complaint do not state a claim based on the medical
15 response, as Freeman alleges that he received prompt medical attention once he did suffer the
16 cut on his head.

17 Even if Freeman had stated a cognizable claim for relief under § 1983, his complaint
18 would be deficient for the separate and independent reason that he conceded in it that he had not
19 exhausted his administrative remedies before filing this action. "No action shall be brought with
20 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
21 confined in any jail, prison, or other correctional facility until such administrative remedies as
22 are available are exhausted." 42 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is usually
23 an affirmative defense, but a complaint may be dismissed by the court for failure to exhaust if
24 a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Wyatt v.
25 Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Freeman alleged that he had filed an inmate
26 appeal but had not received a response to it before he filed his complaint in this action.

27 Lastly, the complaint also is signed by Gerald Jones, who lists himself as "other plaintiff."
28 Complaint, p. 4. No claim for relief under 42 U.S.C. § 1983 is stated as to Jones, whose alleged

3

involvement in the incident consisted of calling out to the correctional staff for medical attention for Freeman. Further, Freeman has no authority to litigate claims on behalf of another inmate. Cf. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (non-attorney raising a due process claim under 42 U.S.C. § 1983 may appear pro se on his own behalf, but he has no authority to appear as an attorney for others than himself). To the extent Jones wants to pursue a claim, he must file his own civil rights complaint – bearing in mind that he would be liable for his own filing fee and would have to exhaust administrative remedies as to his own claim.

## CONCLUSION

The complaint is DISMISSED for failure to state a claim upon which relief may be granted and for failure to exhaust administrative remedies before filing this action. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 10, 2007

_____
SUSAN ILLSTON
United States District Judge